# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JABARI JOHNSON,

      Plaintiff,

vs.                                                                                    No. CIV 24-0317 JB/GJF

LEWIS BABCOK, MICHAEL HEGARTY,
GILLIAN CLARK, PHILLIP BRIMMER,
JILL BRADY, LARRY WINEGARDNER,
PHILLIP WIESER, LYNETTE WENNER,
FNU WHITE, CAROLYN HANSEN,
CHRISTOPHER WOLPERT,
FNU FERGUSON, and FNU GONZALES

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Jabari Johnson's pro se Prisoner Civil Rights Complaint, filed April 2, 2024 (Doc. 1)("Complaint"). Johnson is a Colorado State prisoner and is proceeding pro se. Complaint ¶ A, at 2. The Complaint brings civil rights claims against various Colorado officials. See Complaint ¶B, at 2-4. The Complaint's caption refers to the United States District Court for the District of Colorado. See Complaint at 1. Johnson mailed the pleading, however, to the Court -- i.e., the United States District Court for the District of New Mexico -- instead. See Complaint at 10. The Defendants have not been served, as the case is still in the screening phase, during which courts conduct sua sponte review of prisoner complaints against government officials for cognizable claims and grounds for dismissal. See 28 U.S.C. § 1915A.

Before examining the merits of Johnson's claims, the Court evaluates whether the District of New Mexico is the proper venue for this proceeding. See Johnson v. Christopher, 233 Fed. App'x 852, 854 (10th Cir. 2007)(analyzing improper venue and noting "the district court has

discretion" to evaluate the matter on screening).[1]   Section 1391 of Title 28 permits a civil action

to be brought in

> (1)    a judicial district in which any defendant resides . . . ;
>
> (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to . . . personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (b)(1) is not satisfied.   The parties reside in Colorado, and this Court does not

have personal jurisdiction over any Defendant.   See 28 U.S.C. § 1391(c)(2) (stating that, for venue

purposes, an entity resides in any district "in any judicial district in which such defendant is subject

to the court's personal jurisdiction with respect to the civil action in question").   Subsection (b)(2)

also does not apply.   Under subsection (b)(2), courts must examine "the nature of the plaintiff's

claims and the acts or omissions underlying those claims," and determine whether "substantial

events material to those claims occurred" in the district.   Emps. Mut. Cas. Co. v. Bartile Roofs,

---

[1]Johnson v. Christopher, 233 Fed. App'x 852, 854 (10th Cir. 2007) is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Johnson v. Christopher has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Inc., 618 F.3d 1153, 1166 (10th Cir. 2010).    Accepting Johnson's allegations as true, none of the alleged wrongdoing occurs in New Mexico.    The claims stem from events in Colorado. Subsection (b)(3) also does not apply.    Johnson can file an action in the Colorado federal court.

Where, as here, venue is improper, the Court may transfer the civil action to any other district "where it might have been brought."    28 U.S.C. § 1404(a).    The following discretionary factors must weigh in favor of the transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

Emps. Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d at 1167 (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)).    The transfer also must be in the interest of justice; otherwise, the Court may dismiss the matter without prejudice.    Courts consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith."    In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).

On balance, the above factors favor a transfer to the United States District Court for the District of Colorado.    Johnson should have filed his case in that court, and based on the caption, Johnson intended to file in Colorado.    If this case proceeds to discovery, most evidence will come from Colorado witnesses or jail and court records, and all Defendants are located in Colorado. See 28 U.S.C. § 1391(b)(2), (c); Complaint ¶ B, at 1-4.    The alleged wrongdoing occurred between 2020 and 2024; some claims may be time-barred if filed anew.    The Court also finds no

- 3 -

prejudice to the Defendants, as they have not yet been served or obtained counsel in New Mexico. A venue transfer is therefore proper, convenient, and in the interest of justice.   Accordingly, the Court transfers this case to the United States District Court for the District of Colorado.

IT IS ORDERED that the Clerk's Office shall: (i) transfer this matter to the United States District Court for the District of Colorado; and (ii) close the case in the United States District Court for the District of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Jabari Johnson
Cañon City, Colorado

    *Plaintiff pro se*

- 4 -